UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Currie, | ) | CASE NO. 1:15 CV 262 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Cleveland Metropolitan School District, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon Individual Defendants' Motion to Dismiss Complaint for Failure to State a Proper Claim for Relief (Doc. 11).  This case arises out of the termination of plaintiff's employment.  For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Brian Currie, proceeding *pro se*, filed this Complaint against defendants Cleveland Metropolitan School District, Eric Gordon (CEO), Wayne Belock (Chief Legal Counsel), Luther Johnson (Regional Superintendent), Irene Scherzer (Human Resources), Maria Carlson (Collinwood High School Principal), and Lora Cover (Human Resources

Director).  The Complaint alleges the following.

Plaintiff is employed by the Cleveland Metropolitan School District (CMSD) as an English teacher. Plaintiff was sexually harassed by defendant Johnson in September 2013. Expletives and threats concerning plaintiff's sexual orientation were used against plaintiff in his classroom.  Due to psychological and emotional trauma resulting from the harassment, plaintiff did not return to work for the remainder of the 2013-2014 school year.  Plaintiff filed a sexual harassment complaint with the Human Resources department in February 2014.  He also filed a union grievance which was denied without an investigation.  An attorney for the CMSD investigated plaintiff's sexual harassment complaint and his subsequent report contained missing, misleading, and opinionated information.  Plaintiff relayed his concerns regarding the report to defendants Gordon and Belock who ignored them.

Plaintiff returned to his teaching position in August 2014. The CMSD retaliated against him for filing the sexual harassment complaint, including terminating him in early September 2014. Plaintiff filed a charge of discrimination with the EEOC in September 2014 "concerning the sexual harassment and subsequent termination."

Plaintiff filed this Complaint in February 2015.  Although no causes of action are specifically identified in his Complaint, the Civil Cover Sheet completed by plaintiff states that he is bringing his claims pursuant to the Americans with Disabilities Act (ADA) and "American Civil Rights Act" (presumably, Title VII), based on the sexual harassment and his termination.  Additionally, the EEOC charge makes clear that plaintiff is alleging sex discrimination in violation of Title VII and disability discrimination in violation of the ADA. (Doc. 13 Ex. 1)

2

This matter is now before the Court upon Individual Defendants' Motion to Dismiss Complaint for Failure to State a Proper Claim for Relief

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.. *Twombly*, 550

3

U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### **Discussion**

The individual defendants move to dismiss plaintiff's Title VII and ADA claims on the basis that neither statute provides for personal liability. In his opposing brief, plaintiff does not dispute this argument. For the following reasons, the Court agrees that dismissal is warranted.

The Sixth Circuit has clearly recognized that there is no individual liability under either of these statutes. *Griffin v. Finkbeiner,* 689 F.3d 584 (6th Cir. 2012) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997))("An individual cannot be held personally liable for violations of Title VII."); *Mayes v. City of Oak Park*, 285 Fed.Appx. 261 (6th Cir. 2008) (The court affirmed the district court's conclusion that because Title VII and the ADA do not provide for individual liability, plaintiff could not assert claims against the individual defendants.)

Therefore, because plaintiff cannot assert claims against the individual defendants in their personal capacity, these defendants are dismissed. The Court need not reach defendants' alternative grounds for dismissal.

### **Conclusion**

For the foregoing reasons, Individual Defendants' Motion to Dismiss Complaint for Failure to State a Proper Claim for Relief is granted.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/13/15