UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Currie, | ) | CASE NO. 1:15 CV 262 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Cleveland Metropolitan School District, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon Defendant Cleveland Municipal School District Board of Education's[1] Motion to Dismiss Complaint for Failure to State a Proper Claim for Relief (Doc. 19). This case arises out of the termination of plaintiff's employment. For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Brian Currie, proceeding *pro se*, filed this Complaint against defendants

---

[1] This defendant was named in the Complaint as Cleveland Metropolitan School District.

1

Cleveland Metropolitan School District, Eric Gordon (CEO), Wayne Belock (Chief Legal Counsel), Luther Johnson (Regional Superintendent), Irene Scherzer (Human Resources), Maria Carlson (Collinwood High School Principal), and Lora Cover (Human Resources Director).  By prior Memorandum of Opinion and Order, this Court dismissed the individual defendants.

The Complaint alleges the following. Plaintiff is employed by the Cleveland Metropolitan School District (CMSD) as an English teacher. Plaintiff was sexually harassed by defendant Johnson in September 2013.  Expletives and threats concerning plaintiff's sexual orientation were used against plaintiff in his classroom.  Due to psychological and emotional trauma resulting from the harassment, plaintiff did not return to work for the remainder of the 2013-2014 school year.  Plaintiff filed a sexual harassment complaint with the Human Resources department in February 2014.  An attorney for the CMSD investigated plaintiff's sexual harassment complaint and issued a report concluding that it was without merit. During the course of determining the validity of the complaint, the attorney infringed plaintiff's civil rights by asking plaintiff what his sexual orientation was. Plaintiff appealed the decision.  Outside counsel reviewed the matter and concurred that there was no basis for the complaint.  Plaintiff also filed a union grievance concerning the sexual harassment which was denied without an investigation.

Plaintiff returned to his teaching position in August 2014. The CMSD retaliated against him for filing the sexual harassment complaint by writing him up four times for absence abuse, not assigning him to the available English opening, placing a long term substitute in his position, terminating him in early September 2014, and failing to pay him for

2

a Special Privilege Day.

Plaintiff filed a charge of discrimination with the EEOC in October 2014.[2] In the charge, plaintiff states that he was subjected to unwelcome sexual harassment by Johnson since September 2013, and that he was terminated on September 2, 2014. Plaintiff states that he was discriminated against due to his sex- male- in violation of Title VII and his disability in violation of the ADA.

Plaintiff filed this Complaint in February 2015. Although no causes of action are specifically identified in his Complaint, the Civil Cover Sheet completed by plaintiff states that he is bringing his claims pursuant to the Americans with Disabilities Act (ADA) and "American Civil Rights Act" (presumably, Title VII), based on the sexual harassment and his termination.

This matter is now before the Court upon Defendant Cleveland Municipal School District Board of Education's Motion to Dismiss Complaint for Failure to State a Proper Claim for Relief.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing

---

[2] Although the charge was not included with the Complaint, plaintiff submits a copy with his response herein.

3

the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### **Discussion**

Defendant argues that plaintiff's Title VII harassment and retaliation claims fail to state a claim because they are based on sexual orientation which is not a protected class. Likewise, defendant asserts, plaintiff's ADA claim fails to state a claim because the Complaint does not identify any specific mental condition or impairment.

**(1) Title VII**

Defendant argues that plaintiff's Title VII claims fail to state a claim because they are based on sexual orientation which is not a federally protected class.

Indeed, it is well-established that "[u]nder Title VII, sexual orientation is not a prohibited basis for discriminatory acts. A claim premised on sexual orientation discrimination thus does not state a claim upon which relief may be granted." *Gilbert v. Country Music Association, Inc.,* 432 Fed.Appx. 516 (6th Cir. 2011) (quoting *Vickers v. Fairfield Med. Ctr.,* 453 F.3d 757 (6th Cir. 2006)). *See also Kalich v. AT&T Mobility, LLC,* 679 F.3d 464 (6th Cir. 2012) ("Under... Title VII, sexual orientation harassment or discrimination based upon a person's sexual orientation cannot form the basis of a cognizable claim.") Consequently, claims of harassment on the basis of sexual orientation cannot give rise to a Title VII retaliation claim. *Gilbert*, 432 Fed.Appx. at 520.

In response, plaintiff asserts that his Title VII claims are based on sexual harassment and that he was exposed to and subjected to sexual harassment that was not sexual orientation in nature. Plaintiff points out that his EEOC charge indicates "unwelcomed sexual harassment," and that he merely reported sexual harassment to the CMSD.

For the following reasons, the Court concludes that plaintiff's allegations only involve discrimination based on sexual orientation. It is clear from plaintiff's Complaint (and EEOC charge) that his claims arise from Superintendent Johnson's harassment in September 2013. At that time, plaintiff alleges, "Expletives and threats concerning sexual orientation were used against me in my classroom at John Marshall Ninth-Grade Academy." Plaintiff did not return to work until August 2014 and was terminated on September 2, 2014. Plaintiff does not allege

5

any other acts of sexual harassment during that period.  Furthermore, plaintiff alleges that he filed his sexual harassment complaint in February 2014 and that when he met with the CMSD attorney investigating the matter, the latter inappropriately questioned plaintiff regarding his sexual orientation.  There simply are no allegations in the Complaint of sexual harassment other than those based on plaintiff's sexual orientation. As a result, plaintiff's Title VII claims for sexual harassment and retaliation do not state a claim.

Plaintiff's Title VII claims are dismissed.

**(2) ADA**

Under the Americans with Disabilities Act it is unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) [he] is disabled; (2)[he] is otherwise qualified for the position with or without reasonable accommodation; (3)[he] suffered an adverse employment decision; (4) [his] employer knew or had reason to know of [his] disability; and (5)[his] position remained open." *Azzam v. Baptist Healthcare Affiliates, Inc*., 855 F.Supp.2d 653, 658 (W.D.Ky. 2012) (quoting *Hammon v. DHL Airways, Inc*., 165 F.3d 441, 449 (6th Cir.1999)).

Although the plaintiff need not plead a prima facie case, he must, at a minimum, allege facts from which an inference can be drawn that he was disabled under the ADA's definition. A plaintiff's failure "to identify, even in general terms, his disability and fail[ure] to identify a specific medical condition for which he was regarded as disabled" does not meet

6

the threshold pleading requirements. *Thomas v. Dana Commercial Vehicle Products, LLC*, 2014 WL 1329948 (W.D.Ky. April 1, 2014).  A complaint alleging an ADA violation is properly dismissed for failure to identify a disability.  *Coleman v. Ford Motor Co.*, 2005 WL 1459549 (N.D.Ohio June 17, 2005) ("Any claim of disability discrimination that plaintiff's complaint might be read as asserting is barred due to plaintiff's failure to specify the allegedly disabling impairment... Plaintiff's complaint fails to specify the particular impairment; indeed, he fails to identify any impairment.") (citing *Pierce v. UPS*, 2002 WL 992624 (N.D.Ill. May 15, 2002) (dismissing *pro se* complaint for failure to specify the particular disability involved)).

Here, not only does plaintiff's Complaint fail to mention the ADA, it does not identify a disability or impairment. Plaintiff states in his response that he suffered from severe depression. But, plaintiff made no such allegation in his Complaint.[3]  In fact, even plaintiff's EEOC charge does not identify a disability and, consequently, defendant was not put on notice of such.

Plaintiff states in a letter to this Court following the filing of defendant's reply brief that he is "requesting to amend [his] complaint to include the full and complete information necessary to [his] case."  (Doc. 23 at ¶ 9) However, perfunctory requests for leave to amend the complaint included in a brief in opposition to a motion to dismiss are properly denied and not considered motions within the contemplation of Rule 15(a).  *See PR Diamonds, Inc. v. Chandler,* 364 F.3d 671 (6th Cir. 2004), *Louisiana Sch. Employees Ret. Sys. v. Ernst & Young,*

---

[3] The Complaint only alleges that plaintiff was written up for "absence abuse for when I was out of work due to psychological and emotional trauma as a result of Mr. Johnson's sexual harassment."

7

*LLP,* 622 F.3d 471 (6th Cir. 2010).[4]

For these reasons, to the extent plaintiff alleges an ADA claim, it is dismissed.

Conclusion

For the foregoing reasons, Defendant Cleveland Municipal School District Board of Education's Motion to Dismiss Complaint for Failure to State a Proper Claim for Relief is granted.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 7/6/15

---

[4] Defendant also contends that any such amendment would be futile. Plaintiff's Complaint alleges that defendant Scherzer of Human Resources and the HR Director fired him. Plaintiff's response to the Motion to Dismiss states, "I was terminated by Irene Scherzer in September 2014 while I was in her office. She stated that I was being fired because of my sexual harassment allegation and because the resulting diagnosis of depression is not a valid excuse." Defendant maintains that these allegations are implausible on their face because the Ohio statute only gives CMSD's Board of Education the authority to terminate a teacher and an administrator may only recommend such. Ohio Revised Code § 3311.82. However, given that plaintiff's pleading is *pro se,* it is plausible that plaintiff was merely informed of his termination by Scherzer who was not actually the decision maker.